IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GARRY HEIMRICH,

        Plaintiff,

   v.

DEPARTMENT OF THE ARMY and
MARK T. ESPER, Secretary of the Army
(sued in his official capacity),

        Defendants.

No. 3:17-cv-01615-HZ

OPINION & ORDER

Shelley D. Russell
CRISPIN EMPLOYMENT LAWYERS
1834 S.W. 58th Avenue, Suite 200
Portland, Oregon 97221-1455

Shaun Yancey
MELVILLE JOHNSON, P.C.
22 Seventh Street NE
Atlanta, Georgia 30308-1116

    Attorneys for Plaintiff

1 – OPINION & ORDER

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Jared D. Hager
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff Garry Heimrich brings this case against the Department of the Army and Mark T. Esper in his official capacity as Secretary of the Army.[1] Specifically, Plaintiff alleges that Defendants improperly dismissed his formal Equal Employment Opportunity complaint of discrimination. Plaintiff seeks declaratory and injunctive relief, remand of the matter for further administrative proceedings, and reasonable attorney's fees and court costs. Defendants move to dismiss Plaintiff's claims for failure to state a claim and lack of subject matter jurisdiction. The Court grants the motion.

## BACKGROUND

At the time of the events giving rise to this action, Plaintiff worked as a Power Plant Mechanic for the United States Army Corps of Engineers, Northwest Division, Pacific Region ("Army Corps"). Compl. ¶¶ 1, 14, 16, ECF 1. While employed by the Army Corps, Plaintiff was a union member of the United Power Trades Organization ("UPTO"). *Id.* at ¶ 24. The collective bargaining agreement ("CBA") between the UPTO and the Army Corps provided procedures for Plaintiff to raise allegations of discrimination in a grievance. *Id.* at ¶ 31.

On July 26, 2016, the Army Corps terminated Plaintiff's employment, citing disruptive conduct, insubordination, unexcused absences, noncompliance with rules, and unsatisfactory

---

[1] Since the filing of this action, Mark T. Esper replaced Ryan D. McCarthy as Secretary.

work performance. *Id.* at ¶ 30; Hager Decl. Ex. 8, ECF 16. On August 10, 2016, the UPTO filed a union grievance on Plaintiff's behalf, challenging Plaintiff's termination as discriminatory and retaliatory. Compl. ¶ 31. On September 7, 2016, the Army Corps upheld the termination decision. Hager Decl. Ex. 10. On September 19, 2016, the UPTO submitted the grievance to the next level. *Id.* at Ex. 11. The UPTO withdrew from the grievance process on November 9, 2016. *Id.* at Ex. 13.

After the UPTO had filed the union grievance, Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint with the Army Corps, challenging his termination as discriminatory and retaliatory. Compl. ¶ 32. On October 13, 2016, the Army Corps dismissed the EEO complaint because Plaintiff previously elected to proceed under the negotiated grievance process. *Id.* at ¶ 33. Plaintiff appealed the dismissal to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the decision. *Id.* at ¶ 34. On October 12, 2017, Plaintiff filed the present action. *See* Compl.

## STANDARDS

### I. Rule 12(b)(6) – Failure to State a Claim

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) addresses the sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal for failure to state a claim is appropriate only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see also Am.*

*Family Ass'n, Inc. v. City & Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."). However, the court need not accept unsupported conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (internal quotation marks and alterations omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" for "entitlement to relief" with nothing "more than label and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" *Id.*

///

///

## II. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) addresses the court's subject matter jurisdiction. A Rule 12(b)(1) jurisdictional attack may be "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a "facial" attack, the moving party asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* A district court resolves facial attacks as it would under Rule 12(b)(6), where the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Leite v. Crane Co.*, 749 F.3d 1117, 1119 (9th Cir. 2014). In a "factual" attack, the moving party disputes factual allegations and may introduce evidence to support their motion. *Id.*; *see also Dreier v. U.S.*, 106 F.3d 844, 847 (9th Cir. 1996) (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over the claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## DISCUSSION

Defendants argue that this case should be dismissed because Plaintiff: (1) failed to establish that Defendants improperly dismissed Plaintiff's EEO complaint and (2) failed to identify an applicable waiver of sovereign immunity for Plaintiff's state law claims.

## I. Incorporation by Reference

The doctrine of incorporation by reference allows "a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *In re Silicon Graphics, Inc. Sec. Litig. (SGI),* 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation omitted). Because these documents

have essentially been adopted as part of the complaint, the Court may consider them without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

The Defendants in this case ask the Court to incorporate by reference Plaintiff's union grievance and formal EEO complaint. Defs.' Mot. Dismiss 6, ECF 15; Hager Decl. Ex. 9, 17. Plaintiff does not object. Because Plaintiff refers to the documents and their contents extensively in the Complaint, and they form the basis of Plaintiff's "improper dismissal" claim, the Court incorporates the grievance and EEO complaint by reference.

## II.    Title VII Claim – Same Matter

First, Defendants argue that Plaintiff failed to state a claim because his union grievance and EEO complaint raised the "same matter." Defs.' Mot. Dismiss 6. Accordingly, Defendants argue, the EEOC properly affirmed Defendants' dismissal of Plaintiff's complaint. The Court agrees that Plaintiff raised the same matter in his grievance and EEO complaint. Because Plaintiff failed to establish that he raised different matters that the EEOC improperly dismissed, this case must be dismissed for failure to state a claim.

Pursuant to federal law and EEOC regulations, unionized federal employees may challenge an employment action two ways: (1) the negotiated procedure or (2) the statutory procedure. 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a). The "negotiated procedure" entails filing a union grievance under an applicable CBA. *Id.* The "statutory procedure" entails filing a complaint with the appropriate agency's EEO office. *Id.* A federal employee may elect to challenge an employment action via one option or the other, "but not both." *Id.* Additionally, the

procedural election "is irrevocable." *Vinieratos v. United States Dep't of the Air Force*, 939 F.2d 762, 768 (9th Cir. 1991).

An employee who initially elects the union grievance procedure may not subsequently file an EEO complaint regarding the "same matter," or vice versa. 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a); *see also Vinieratos*, 939 F.2d at 769 (Plaintiff "opted initially to pursue relief through the EEO process," so "[a]bandonment of that process in order to pursue another avenue of relief constituted a failure to exhaust the one appropriate administrative remedy he had selected.") (citations omitted). The subsequent "same matter" grievance or complaint must be dismissed. 29 C.F.R. § 1614.107(a)(4). Conversely, the law does not preclude an employee from raising a different matter in a subsequent grievance or complaint.

Defendants assert, and Plaintiff does not contest, that: (1) Plaintiff's union filed a grievance on his behalf on August 10, 2016; (2) Plaintiff filed a formal EEO complaint on September 19, 2016; (3) the union grievance process was still ongoing as of the date Plaintiff filed the formal EEO complaint; and (4) Plaintiff appealed Defendants' dismissal of his EEO complaint—as opposed to Defendants' final decision in the union grievance process—to the EEOC. Defs.' Mot. Dismiss 3–4. Therefore, the dispositive issue is whether Plaintiff's union grievance and EEO complaint raised the "same matter," such that the subsequent EEO complaint was properly dismissed. *See* 29 C.F.R. § 1614.301(a) (An employee "who files a [union] grievance with an agency…may not thereafter file a complaint on the *same matter* under [the EEO complaint procedure]….") (Emphasis added).

Plaintiff contends that the union grievance and EEO complaint raised different matters. Pl.'s Resp. to Defs.' Mot. Dismiss ("Pl.'s Resp."), 3, 9, 12–13, ECF 17. To the extent that the union grievance and EEO complaint both challenged Plaintiff's termination, Plaintiff concedes

procedural election "is irrevocable." *Vinieratos v. United States Dep't of the Air Force*, 939 F.2d 762, 768 (9th Cir. 1991).

An employee who initially elects the union grievance procedure may not subsequently file an EEO complaint regarding the "same matter," or vice versa. 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a); *see also Vinieratos*, 939 F.2d at 769 (Plaintiff "opted initially to pursue relief through the EEO process," so "[a]bandonment of that process in order to pursue another avenue of relief constituted a failure to exhaust the one appropriate administrative remedy he had selected.") (citations omitted). The subsequent "same matter" grievance or complaint must be dismissed. 29 C.F.R. § 1614.107(a)(4). Conversely, the law does not preclude an employee from raising a different matter in a subsequent grievance or complaint.

Defendants assert, and Plaintiff does not contest, that: (1) Plaintiff's union filed a grievance on his behalf on August 10, 2016; (2) Plaintiff filed a formal EEO complaint on September 19, 2016; (3) the union grievance process was still ongoing as of the date Plaintiff filed the formal EEO complaint; and (4) Plaintiff appealed Defendants' dismissal of his EEO complaint—as opposed to Defendants' final decision in the union grievance process—to the EEOC. Defs.' Mot. Dismiss 3–4. Therefore, the dispositive issue is whether Plaintiff's union grievance and EEO complaint raised the "same matter," such that the subsequent EEO complaint was properly dismissed. *See* 29 C.F.R. § 1614.301(a) (An employee "who files a [union] grievance with an agency…may not thereafter file a complaint on the *same matter* under [the EEO complaint procedure]….") (Emphasis added).

Plaintiff contends that the union grievance and EEO complaint raised different matters. Pl.'s Resp. to Defs.' Mot. Dismiss ("Pl.'s Resp."), 3, 9, 12–13, ECF 17. To the extent that the union grievance and EEO complaint both challenged Plaintiff's termination, Plaintiff concedes

that dismissal of that portion of his claim was proper. *Id.* at 9. Otherwise, Plaintiff claims that the complaint alleged harassing acts not covered in the grievance. *Id.* at 12. Specifically, Plaintiff contends that his EEO complaint alleged hostile work environment on the basis of race, retaliation, and disability, while his union grievance was limited to termination.[2] *Id*. at 3, 9, 12. Additionally, Plaintiff alleges that the grievance only challenged the "removal action" and not the "proposed removal action," which Plaintiff contends are not the same matter. *Id.* at 8.

Binding Ninth Circuit case law that interprets the term "same matter" under 5 U.S.C. § 7121(d) and 29 C.F.R. § 1614.301(a) is sparse. In *Macy v. Dalton*, the District Court for the Eastern District of California recognized the Federal Circuit's interpretation of "same matter" to mean "the underlying [employment] action." 853 F. Supp. 350, 353 (E.D. Cal. 1994) (citing *Bonner v. Merit Sys. Prot. Bd.*, 781 F.2d 202, 204–05 (Fed. Cir. 1986)) (internal quotations omitted; alteration in original). Similarly, in *Santo-Reyes v. Gonzales*, the District Court for the Northern District of California added: "In determining what constitutes the 'same matter,' courts look to the facts underlying the claims, not the legal theories asserted." No. C 05–4550 VRW, 2007 WL 988182, at *4 (N.D.Cal. Apr. 2, 2007), *aff'd*, *Santos-Reyes v. Mukasey*, 308 Fed. Appx. 100 (9th Cir. 2009) (citations omitted). There, the court stated that the grievance and complaint "rest[ed] on different legal theories" because only the latter raised the theory of discrimination. *Id.* at *5. Nevertheless, the *Santo-Reyes* court found that the grievance and complaint raised the same matter because they were "rooted in the same factual nucleus"—both documents focused on "harassing behavior and [] negative job performance evaluation." *Id.*

---

[2] Notably, while Plaintiff alleges in his Response to Defendants' Motion to Dismiss that the EEO complaint covered harassment and a hostile work environment claim, the EEO complaint—as described by Plaintiff's Complaint in this action—does not appear to contain a "hostile work environment" claim. *See* Compl. ¶ 32 (stating that Plaintiff's formal EEO complaint alleged that his termination was "motivated by race (African American family), color (Black), disability (alcoholism, depression, and anxiety), and retaliation (prior protected EEO activity)."). And, as discussed below, any retaliatory or harassing acts in his EEO complaint were also raised in his initial union grievance.

Courts outside the Ninth Circuit have similarly construed "the term 'matter' to encompass more than a legal claim and instead to encompass the 'underlying action,' or the 'topics' raised[.]" *Guerra v. Cuomo*, 176 F.3d 547, 550 (D.C. Cir. 1999) (citations omitted) (holding that "repeated requests[] embracing the same basic accommodation for the same basic condition cannot be viewed as a different 'matter'"); *see also Facha v. Cisneros*, 914 F. Supp. 1142, 1148 (E.D. Pa. 1996), *aff'd*, 106 F.3d 384 (3d Cir. 1996) ("[W]hether a federal employee has impermissibly attempted to proceed in two fora must focus on the 'matter'…, not on legal jargon."). The Federal Circuit Court of Appeals took a broad approach in its analysis in *Bonner*, 781 F.2d 202. After examining the legislative history of 5 U.S.C. § 7121, the *Bonner* court concluded that "matter" simply "describe[s] the *underlying action.*" *Id.* at 205 (emphasis added). Building on *Bonner*'s legislative analysis, the district court in *Facha* developed the following test: "If [the plaintiff] raised a topic in both documents, or if the arbitrators assigned to handle the grievance would necessarily have needed to inquire into a topic in discharging their duties, then § 7121(d) bars [the plaintiff] from raising that same issue in her subsequent EEO complaint." 914 F. Supp. at 1149.

In *Rosell v. Wood,* the court undertook "a side-by-side comparison of [the] grievance and complaint" to determine whether the plaintiff raised the same matter in both documents. 357 F. Supp. 2d 123, 130 (D. D.C. 2004). There, the plaintiff first filed a grievance "based on the warning about his job performance, his leave restrictions, and the alleged fabrication of misconduct and performance deficiencies." *Id.* The grievance alleged retaliation for the plaintiff's lawsuit regarding his overtime pay. *Id.* at 127. Subsequently, the plaintiff filed an EEO complaint alleging that "the warning, leave restrictions, and hostile conduct were the result of *age and disability discrimination.*" *Id.* at 130 (emphasis added). The court held: "Although

Rosell's grievance and complaint present different legal theories, they are rooted in the same factual nucleus, and thus, concern the same matter." *Id.* at 131 (citing *Macy*, 853 F. Supp. at 354). The court observed that, "[d]espite Rosell's attempts to word the grievance and EEO complaint differently, the [two documents] reference the same three underlying government actions[.]" *Id.*

In the instant case, Plaintiff raises the following issues in his union grievance: (a) discrimination on the basis of his stress-related disability; (b) heightened performance standards; (c) ongoing retaliation for unspecified comments and actions, leading to further confrontations between Plaintiff and his employer; and (d) leave restrictions in violation of the CBA, all culminating with the employment action of termination. Hager Decl. Ex. 9. In his EEO complaint, Plaintiff claims that the "real reasons" for his termination were: (a) retaliation for raising safety concerns; (b) retaliation for lodging personnel complaints; (c) discrimination for being a recovering alcoholic and using medical leave; and (d) discrimination for having an African American wife and children. Hager Decl. Ex. 17.

Under *Bonner*'s guidance, the underlying matter—or employment action—in Plaintiff's grievance and EEO complaint is the same: termination. Plaintiff asserts in his response that his EEO complaint also alleged various harassing acts constituting a hostile work environment claim, including leave restrictions and tampering with his agency documentation by his supervisor. Pl.'s Resp. 9, 12. However, the Court observes that, generally, the EEO complaint simply provided a more detailed account of the same matter that Plaintiff raised in his grievance. Whereas the grievance *touched* on the issues of retaliation, discrimination, leave restrictions, and a deteriorating professional relationship with Defendants (including allegations that Defendants used "every management technique" to obtain their goal of removing Plaintiff from his position),

the EEO complaint *expanded* on those same issues. Hager Decl. Ex. 9. The EEO complaint specified that Plaintiff faced retaliation for engaging in protected EEO activities, discrimination for his alcoholism (which was aggravated by his work situation), and unwarranted discipline and leave restrictions. Therefore, under the *Facha* test, arbitrators assigned to handle the grievance would necessarily have needed to inquire into the EEO complaint's topics—including the alleged harassing or hostile acts—in discharging their duties. Essentially, most of Plaintiff's EEO complaint provided further detail on the topics raised in Plaintiff's union grievance.

As stated above, Plaintiff also attempts to distinguish the matters raised in his union grievance and EEO complaint on two additional grounds. First, Plaintiff argues that the grievance only challenged the "removal action," but the complaint challenged both the "removal action" *and* the "proposed removal action." Compl. ¶ 33. Plaintiff's argument is unavailing. Proposals and other preliminary actions are not distinct from the eventual final decision. *See* 29 C.F.R. § 1614.107(a)(5); *see also Wilson v. Dep't of Veterans Aff.*, EEOC Appeal No. 0120122103 (Sep. 10, 2012) (noting that "a proposed action merges with the decision on an appealable action, i.e., a proposed removal merges into a decision to remove"). The proposed removal action and removal action constitute the same "underlying employment action" and are "rooted in the same factual nucleus." *Bonner*, 781 F.2d at 204–05; *Rosell*, 357 F. Supp. 2d at 131. Therefore, as to this topic, the grievance and complaint raised the same matter.

Second, Plaintiff attempts to distinguish the grievance and EEO complaint based on the issue of race discrimination and harassment that only the latter explicitly raised. Compl. ¶ 31; Pl.'s Resp. 9. Specifically, the EEO complaint stated that Plaintiff's termination was in part due to discrimination because of the race of his wife and children, and Plaintiff described two instances of racially charged remarks made by other employees. Hager Decl. Ex. 17. Here, too,

the Court finds that Plaintiff did not allege a different matter. Under *Bonner*, the underlying employment action of termination is still the same. The fact that Plaintiff later attributed the real reason for his removal to racial motivation would be a new legal theory, rather than a new matter that necessarily changes the underlying facts. *See Rosell*, 357 F. Supp. 2d at 130–31 (holding that the subsequent EEO complaint only raised a different legal theory in alleging age and disability discrimination, but it still concerned the same matter raised in the grievance because the underlying employment actions remain the same).

Moreover, in his grievance, Plaintiff states generally that his confrontational work relationship was exacerbated by personal issues and retaliatory actions taken by Defendants, and that Plaintiff took exception to unprofessional conduct toward him. Hager Decl. Ex. 9. This would include the hostile work environment claim. Thus, the race discrimination and harassment that Plaintiff later alleged in his EEO complaint could fit within any of those initially raised topics, and therefore constitutes the same matter as that raised in his union grievance.

Because the underlying employment action is Plaintiff's termination, and race discrimination is but another of Plaintiff's theories for his discharge, the Court finds that Plaintiff's grievance bars him from raising the same matter in his EEO complaint. Therefore, Plaintiff failed to establish that Defendants erred in dismissing Plaintiff's EEO complaint. Accordingly, the Court dismisses Plaintiff's Title VII action for failure to state a claim.

//
//
//
//
//

**III.    Oregon State Law Claims – Sovereign Immunity**

Second, Defendants argue that Plaintiff failed to establish the Court's subject matter jurisdiction by identifying an applicable waiver of sovereign immunity for Plaintiff's claims under Oregon Revised Statutes §§ (O.R.S.) 659A.030 and 659A.096.[3] Defs.' Mot. Dismiss 1. The Court agrees.

"Federal courts are courts of limited jurisdiction." *Kokkonen*, 511 U.S. at 377. "Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940)). This Court may exercise jurisdiction over a suit against the federal government only when there is "a clear statement from the United States waiving sovereign immunity…." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (internal citations and quotation marks omitted). "The government's waiver…cannot be implied, but 'must be unequivocally expressed in statutory text.'" *Id.* (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Additionally, the Supreme Court has frequently held that any ambiguity must be construed "'in favor of the sovereign.'" *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087 (9th Cir. 2007) (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)). "Absent an express waiver of sovereign immunity, the 'activities of the Federal Government are free from regulation by any state.'" *United States v. Washington*, 872 F.2d 874, 877 (9th Cir. 1989), *superseded by statute on different grounds*, 8 U.S.C. § 1324, Pub. L. No. 99603, Title I, Part B, § 112 100 Stat. 3381, *as recognized in United States v. Gonzalez-Torres*, 309 F.3d 594 (9th Cir. 2002). "A party bringing a cause of action against the federal government

---

[3] As an initial matter, the Court notes that it is unclear whether Plaintiff actually asserts the state claims. Plaintiff's brief on the present motion does not mention the claims, and the Complaint itself only seeks equitable relief to address an alleged procedural error under federal law.

bears the burden of demonstrating an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984).

Plaintiff cites no authority, and the Court finds none, purporting to show that either O.R.S. §§ 659A.030 or 659A.096 contains a waiver of federal sovereign immunity. In fact, Plaintiff's briefing on the present motion disregards altogether the issue of sovereign immunity. On this record, the Court finds that Plaintiff failed to meet his burden of showing that the federal government has waived its sovereign immunity as to these state law claims. Therefore, the Court dismisses Plaintiff's state law claims for lack of subject matter jurisdiction.

## CONCLUSION

Defendants' Motion to Dismiss [15] is GRANTED and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this __20__ day of __April__, 2018.

_____
MARCO A. HERNANDEZ
United States District Judge